UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  DAVID R. CLOUSE,  :  Case No. 08-21825REF

Debtor  :  Chapter 13

# ORDER GRANTING THE STAY VIOLATION MOTION, DECLARING THE POST NUPTIAL AGREEMENT VOID, AND GRANTING IN PART AND DENYING IN PART THE STAY RELIEF MOTION

AND NOW, this 28 day of December, 2010, upon my consideration

of (1) Debtor's Motion To Determine Post-Nuptial [sic] Agreement Void and

Entered in Violation of the Automatic Stay, filed on July 22, 2010 (the "Stay

Violation Motion"), (2) the Answer of Respondent, Corrine R. Clouse ("Mrs.

Clouse"), to Debtor's Motion To Determine Postnuptial Agreement Void and

Entered in Violation of the Automatic Stay, filed on August 2, 2010, (3) the

Motion To Lift Automatic Stay Pursuant to 11 U.S.C. §362 To Proceed with

Divorce and Enforce Post Nuptial [sic] Agreement, filed by Mrs. Clouse on

August 3, 2010 (the "Stay Relief Motion"), (4) Debtor's Reply to Motion To

Lift Automatic Stay Pursuant to 11 U.S.C. §362 To Proceed with Divorce and

Enforce Post  Nuptial [sic] Agreement, filed on August 11, 2010, (5) the briefs

filed by the parties pursuant to my direction through both the hearing scheduled on

August 31, 2010, and my later Order dated November 18, 2010, requiring

additional briefing, (6) oral argument by counsel for both parties on both August

31, 2010, and December 21, 2010, and (7) the findings of fact, conclusions of law,

and discussion contained in my Statement Supporting Order Dated December 28,

2010, Granting the Stay Violation Motion, Declaring the Postnuptial Agreement

Void, and Granting in Part and Denying in Part the Stay Relief Motion,

IT IS HEREBY ORDERED that the Stay Violation Motion is

GRANTED.

IT IS FURTHER ORDERED that the entire postnuptial agreement

between Debtor and Mrs. Clouse is hereby declared to be void because (1) a

number of its distributive provisions violate the automatic stay of Section

362(a)(3) insofar as they deal with post-confirmation property of the Chapter 13

estate and (2) the violating provisions are not severable from the balance of the

postnuptial agreement.

IT IS FURTHER ORDERED that the Stay Relief Motion is

GRANTED IN PART and DENIED IN PART and Mrs. Clouse  may proceed with

the pending state court divorce proceeding against Debtor on the limited basis

described in the Statement.

BY THE COURT

RICHARD E. FEHLING
United States Bankruptcy Judge